UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Casey Marie Anthony,   Case Number: 8:13-bk-00922-KRM
   Chapter 7
    Debtor.
_____/

**TRUSTEE'S MOTION SELL PROPERTY
OF THE ESTATE AND APPROVE AUCTION PROCEDURES**

    Stephen L. Meininger, Chapter 7 Trustee ("Trustee"), by and through his undersigned attorney, pursuant to 11 U.S.C. §363 and Fed.R.Bankr.P §§ 2002 and 6004, and other applicable law, files this Motion to Sell Property of the Estate and Approve Auction Procedures, saying:

    1.    On January 25, 2013, Casey Marie Anthony ("Debtor") filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

    2.    Stephen L. Meininger was appointed interim trustee and is now duly qualified and acting as Trustee.

    3.    Among the assets of the Estate are the exclusive worldwide rights in perpetuity to the commercialization of Anthony's life story including her version of the facts, her thoughts and impressions of whatever nature, in so far as these pertain to her childhood, the disappearance and death of her daughter, Caylee Anthony, her subsequent arrest, incarceration, trial, acquittal and withdrawal from society, including the rights to motion pictures, documentaries, live stage performances and any other form of performance art, any transmission of video and /or audio content, by any means of technology, whether presently existing or hereafter developed, including, without

limitation, standard free over-the-air television, non-standard television distribution including, without limitation, basic, tier and/or premium cable distribution; direct broadcast satellite television, subscription television; multi-point distribution systems, multiple multi-point distribution systems, local multi-point distribution systems, satellite master antenna television systems, open video system, television receive-only, closed circuit television, and radio; online including, without limitation, Internet, world-wide-web, all forms of social media, including Facebook, YouTube, Instagram, and Twitter now known or hereinafter developed; cable modem and all other forms of online distribution now known and hereinafter developed; internet protocol television, mobile/wireless, all portable devices including tablets and /or mobile phones; all interactive forms of distribution now known or hereinafter developed; airline, theater, restaurant and hotel/motel distribution, narrow and broadband services, video dial tone, paper-per-view, high-definition format, video-on-demand, and subscription video-on-demand; literary rights including publication(s) in print and /or electronic means, including but not limited to electronic books, audio books, online magazines, and internet articles; and merchandise tie-ins (the "Property").

4. The Trustee has received a written offer from James M. Schober in the amount of $10,000 for the Property. Mr. Schober's stated intention is to acquire the Property in order to prevent Ms. Anthony or others from publishing or profiting from her story in the future, and therefore his offer is not subject to any contingency based upon the cooperation or promise of cooperation from Ms. Anthony.

5. Due to the intense public interest in the Debtor and the Property, the Trustee believes that there will be interest from others in purchasing the Property.

6. The Trustee believes, in the exercise of his business judgment, that if there are additional bids that it would be appropriate to set terms for bidding for the Property as the best way to maximize the value for the Estate and its creditors.

7. The Trustee believes that the establishment of an orderly procedure for bidding for the Property will be the most efficient and effective method of selling the Property, and that such a process is necessary, appropriate and in the best interest of all creditors.

8. The Trustee will entertain any higher bid for the purchase of the Property that meets the following requirements: (a) such bids must be in writing and accompanied by a deposit of 100% of the proposed higher purchase price; (b) such higher bid must be received by the Trustee's counsel no later than twenty-one (21) days from the date of mailing of this motion; and (c) a statement that such higher bid is not contingent upon Ms. Anthony's cooperation. If no additional bids are received, James Schoder will be the winning bidder.  If more than one bid has been received, an auction will occur among bidders. If an auction becomes necessary, the Court will set an auction date. The rules governing the auction shall be: a) Any person wishing to bid must provide to the undersigned counsel in a form acceptable to the Trustee, proof of financial ability to pay, b) the minimum raise on any raise on any bid shall be $10,000, c) the winning bidder shall close within ten (10) days of the Court entering its order approving the auction, d) the second highest bidder shall serve as a back-up bidder in the event that the winning bidder fails to close within the ten (10) day period, e) the back-up bidder shall close within ten (10) days after the winning bidder fails to close, f) immediately after the Court approves the winning bid and back-up bid, the Trustee shall return all funds to

unsuccessful bidders, except the back-up bidder, g) in the event the winning bidder fails to close, the deposit shall be forfeited to the Bankruptcy Estate.

**WHEREFORE**, Stephen L. Meininger, Trustee, requests that this Court enter an Order Granting this Motion authorizing the Trustee to sell the Property under the terms and conditions set forth above, and to auction the Property under the terms set forth herein and to set a date for such auction.

Respectfully submitted,

**WATKINS LAW FIRM, P.A.**

/s/ Allan C. Watkins
**ALLAN C. WATKINS, ESQUIRE**
Florida Bar Number: 185104
707 North Franklin Street, Suite 750
Tampa, Florida 33602
Tel:  (813) 226-2215 / Fax: (813) 226-2038
Email:  allan@waktinslawfl.com
Attorney for Stephen L. Meininger, Trustee