UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Casey Marie Anthony,                         Case No. 8:13-bk-00922-KRM
                                             Chapter 7

      Debtor.

_____/

**MEMORANDUM OPINION**
**DENYING MOTIONS FOR RELIEF FROM STAY AND**
**GRANTING MOTIONS TO EXTEND TIME TO CHALLENGE DISCHARGE**

      Putative creditors, Roy Kronk and Zenaida Gonzalez, have filed motions seeking relief from the automatic stay, to allow them to continue their pre-petition lawsuits in state court seeking defamation damages against the debtor.   Both creditors have filed motions for extensions of time to object to the debtor's discharge and to have their claims excepted from the discharge.[1]  For the reasons stated on the record on June 25, 2013, and set forth below, the motions for relief from the automatic stay will be denied, but the Court will grant a 21-day extension to allow each Movant to file a claim and an adversary proceeding to object to debtor's discharge or determine the dischargeability of the debt.

*Background*

      Between 2008 and 2011, the debtor was arrested, tried and acquitted of the charge of murdering her daughter.  The debtor's prior circumstances have been extremely well-publicized.

---

[1] Doc. Nos. 67, 68, 69, 73.  May 3, 2013, was the original deadline for filing an adversary proceeding to object to the debtor's discharge or seek an exception to the discharge.  Each creditor timely filed a motion to extend the deadline.

On January 25, 2013, the debtor filed this Chapter 7 case, to obtain a discharge from the claims of the Movants and the other substantial debts arising from her arrest and trial.[2]

Mr. Kronk's defamation suit was only in the beginning stages when this case was filed. It is premised on allegations that Mr. Kronk, who found the body of the debtor's missing daughter, was defamed by in-court statements by debtor's counsel during her murder trial. Although Kronk's defamation suit was filed in December, 2011, it does not appear that any progress has occurred in the case.[3] A trial date has never been set; no discovery has taken place; and, the debtor argues that process was not properly served.[4] Ms. Gonzalez has alleged that she was identified in fabrications by the debtor as the "nanny" who may have killed the debtor's daughter. Her defamation case had moved through discovery and summary judgment, with a single allegation of defamation remaining for trial.[5] A trial on the merits on Ms. Gonzalez's claim was originally set for January 2, 2013. However, on the motion of Ms. Gonzalez, and over the objection of Ms. Anthony, the trial was postponed but not re-set to a date certain.[6]

## *Conclusions of Law*

There is no doubt that any damages for which the debtor may be liable to Mr. Kronk or Ms. Gonzalez, respectively, are "claims" under Bankruptcy Code Section 101(5). Nor can it be disputed that this court has subject matter jurisdiction over: (1) whether the debtor is ineligible to obtain a discharge (11 U.S.C. §727); (2) whether any claim is allowed against the estate (11

---

[2] Doc. No. 1.

[3] Doc. No. 86, p. 4.

[4] *Id.*

[5] Doc. No. 85, p. 3.

[6] *Id.*

U.S.C. §502); or (3) whether any allowed claim is excepted from the discharge (11 U.S.C.

§523(a)).  By statute, all of these claims disputes are "core proceedings" within this Court's

subject matter jurisdiction.  28 U.S.C. § 157(b)(2)(B), (I) and (J).

     For purposes of the motions before the Court, it is assumed that the alleged defamation

claims of Mr. Kronk and Ms. Gonzalez are "personal injury tort claims" for which there is a

procedural limitation on how the merits of such claims are to be tried.[7]  The liquidation of

contingent or unliquidated personal injury tort claims must be tried in the District Court.  28

U.S.C. § 157(b)(2)(B) and (5).  But, the special treatment of "personal injury tort claims" in 28

U.S.C. §157(b)(2) and (5) is not jurisdictional.  It signifies only where such claim must be tried,

in the event there are any matters to be tried.  In *Stern v. Marshall,* Chief Justice Roberts, writing

for the majority, addressed this issue, as follows:[8]

> "To begin, Vickie contends that §157(b)(5) does not address subject
> matter jurisdiction at all, but simply specifies the venue in which "personal
> injury tort claims" should be tried."

> "We need not determine what constitutes a 'personal injury tort' in
> this case because we agree with Vickie that §157(b)(5) is not jurisdictional,
> and that Pierce consented to the Bankruptcy Court's resolution of his
> defamation claim." [9]

     Thus, if a trial of disputed facts is necessary to determine the liability of the debtor to

either Mr. Kronk or Ms. Gonzalez, or the amount of any damages, that trial must occur in the

---

[7] There is a split among courts as to whether the statutory phrase "personal injury tort and wrongful death claims" includes non-physical torts such as defamation.  *See Stern v. Marshall,* 564 U.S. ___, 131 S. Ct. 2954, 2606  n.4 (2011); In re *Arnold,* 407 B.R. 849, 851-53 (Bankr. M.D. N.C. 2009).  *See also Control Center LLC v. Lauer (In re Control Center LLC)*, 288 B.R. 269, 286 (M.D. Fla. 2002), (a defamation claim falls within §157(b)(5)).

[8] *Stern,* 131 S. Ct. at 2606-08.  *See also In re  Smith,* 389 B.R. 902 (Bankr. D. Nev. 2008).

[9] *Stern,* 131 S. Ct. at 2606-07.

3

District Court.[10]  As a result, the respective creditors' demands for a jury trial are not automatically lost by filing a claim in the bankruptcy case.

The claims asserted by Mr. Kronk and Ms. Gonzalez involve multiple unresolved disputes over (1) their validity, (2) the amount of any damages, and (3) their dischargeability in bankruptcy.  Even if the first two disputes are resolved in favor of Mr. Kronk or Ms. Gonzalez, the dischargeability issues will have to be decided by this Court.  If the right to a trial before the District Court is not waived by the Movants, this Court may resolve these matters before a trial by adjudicating the dischargeability of the claims, and whether Mr. Kronk's claim is viable as a matter of law.[11]

The parties agree that the applicable standard in determining whether cause exists — to allow parties to go back to state court — is the so-called totality of the circumstances test.[12] Under the test, the Court "should balance the prejudice to the debtor against the hardship to the moving party if the stay remains in effect as well as consider the efficient use of judicial

---

[10] *See* 28 U.S.C. §157(5).

[11] *In re Dow Corning Corp.*, 215 B.R. 346 (Bankr. E.D. Mich. 1997).  *See also In re Chateaugay Corp.*, 111 B.R. 67, 75 (Bankr. S.D.N.Y. 1990), aff'd, 146 B.R. 339 (S.D.N.Y. 1992) (process of allowing and disallowing claims is distinct from the process of "liquidation of claims"); *In re Aquaslide 'N' Dive Corp.*, 85 B.R. 545, 546 (9th Cir. BAP 1987) (summary judgment granted for debtor on objection to claim related to unliquidated personal injury suit); *U.S. v. Verdunn*, 89 F.3d 799, 803 (11th Cir. 1996) ("the concept of a liquidated debt relates to the amount of liability, not the existence of liability").

[12] *See In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001); *Murray Industries, Inc. v. Aristech Chem. Corp.* (*In re Murray Industries, Inc.*), 121 B.R. 635, 636-37 (Bankr. M.D. Fla. 1990).

resources, the location of witnesses, documents and other necessary parties."[13]  Additionally, "[a]

court may examine whether a creditor has a probability of success on the merits of his case."[14]

In their attempts to satisfy this standard, Movants argue that: (1) there is no hardship to

the debtor if she were required to defend herself in state court because she has counsel; (2)

necessary parties and witnesses reside closer to the state court in Orange County; (3) the state

court is already familiar with the cases; and (4) it would be more efficient and expedient to

litigate the matters in state court than the District Court.[15]

There is nothing in the record or the pleadings to counter debtor's sworn assertions that

she has no meaningful assets or income.  Her attorneys are working without a fee.  Neither

defamation case is set for imminent trial.[16]  Indeed, Mr. Kronk's lawsuit is only in its early

stages.  There is little prejudice to these creditors' claims being adjudicated within this Chapter 7

case, subject to the reservation of a jury trial in District Court if, after the discharge issues are

resolved, there remain any material facts to be tried.  The potential burden on the debtor, if the

stay is lifted, is greater than the burdens on Mr. Kronk or Ms. Gonzalez, if the stay remains in

place and the claims adjudication process proceeds in this case.

Movants argue that the Court should allow them to return to state court in Orlando to

have a jury trial to determine the validity and extent of their tort claims.  But, even if the

---

[13] *In re Aloisi*, 261 B.R. at 508.

[14] *Id.*  Ms. Gonzalez has argued that this Court should follow the factors for abstention set forth in *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1 (1983).

[15] Doc. Nos. 68, 69.

[16] Even though Ms. Gonzalez has completed her discovery and survived summary judgment as to one count of her complaint, there is no reason to believe that a trial could occur prior to 2014.

Movants did succeed after a trial in state court, they will have to return to this Court for determinations of whether their claims are discharged by this Chapter 7 case.  Because the legal standards may differ between the state law tort of "defamation" and the exception to dischargebility for a "willful and malicious injury" under § 523(a)(6), this Court would likely need to conduct a second round of litigation to determine whether the statements made by the debtor or on her behalf was a "willful and malicious" injury under the Bankruptcy Code.  And, if either of the claims is ultimately found to be dischargeable, a state court jury trial to establish validity as a tort under state law and the amounts of damages would be meaningless in this apparent no-asset case.  If the jury trial in Orlando were to proceed in advance of the determinations regarding discharge, substantial cost and effort would be for naught if the claims are ultimately determined to be dischargeable.

*Conclusion*

These matters are well within the "core" jurisdiction of this Court.  There is no sufficient cause shown or proffered by either movant to justify a jury trial in state court to determine what claims and damages exist in advance of a determination of whether their claims are dischargeable.

Accordingly, separate orders will be entered:  (a) denying each of the motions seeking relief from stay and (b) granting the respective Motions for Extension of Time so that Mr. Kronk and Ms. Gonzalez will have 21 days from the entry of the orders to file their claims, their

objections to the debtor's discharge, and/or their objections to the dischargeability of their claims.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on _____.
July 01, 2013

_____
K. Rodney May
United States Bankruptcy Judge